UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DALE ALLEN LINDSEY, | Case No. 24-cv-2290 (LMP/ECW) |
| Petitioner, | |
| v. | ORDER ADOPTING<br>REPORT AND RECOMMENDATION |
| JODI HARPSTEAD and NANCY JOHNSTON, | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Elizabeth Cowan Wright, which recommends dismissing Petitioner Dale Allen Lindsey's petition for a writ of habeas corpus. ECF No. 12. Lindsey objected to the R&R. ECF No. 13. Because the petition presents claims that are either time-barred or non-cognizable, the Court will adopt the R&R and dismiss the petition.

## BACKGROUND[1]

In 2006, Lindsey was civilly committed to the Minnesota Sex Offender Program as a sexually dangerous person, "based on a series of incidents that occurred between 1990 and 2005 in which he engaged in violence and sexual misconduct toward various women." *In re Commitment of Lindsey*, No. A10-2123, 2011 WL 1938288, at *1 (Minn. Ct. App.

---

[1] The Magistrate Judge detailed the relevant background in both an order to show cause, ECF No. 9 at 1–4, and in the R&R, ECF No. 12 at 1–3. Lindsey does not object to the Magistrate Judge's recitations of the factual background, so the Court incorporates that background here and only discusses facts relevant to Lindsey's objections.

May 23, 2011) ("*Lindsey II*").² He appealed that order, arguing only that the evidence to support his commitment was insufficient and that he demonstrated the "availability of a suitable, less-restrictive treatment program." *In re Commitment of Lindsey*, No. A07-80, 2007 WL 1323597, at *1 (Minn. Ct. App. May 8, 2007) ("*Lindsey I*"). The Minnesota Court of Appeals rejected his arguments, *id.* at *6, and the Minnesota Supreme Court denied his petition for review on July 17, 2007.

In May 2010, Lindsey filed a motion to vacate the 2006 commitment order under Minnesota Rule of Civil Procedure 60.02. *Lindsey II*, 2011 WL 1938288, at *1. He argued that his commitment was unconstitutional and that his attorney during the 2006 hearing was ineffective. *Id.* The district court denied the motion, and on May 23, 2011, the Minnesota Court of Appeals affirmed, holding that Lindsey's arguments were either required to be brought before Minnesota's Special Review Board ("SRB") or were untimely filed. *Id.* at *3–5.

In 2015 and 2018, Lindsey petitioned the SRB for a transfer to community preparation services, a provisional discharge, or full discharge. *See In re Commitment of Lindsey*, No. A17-1056, 2017 WL 5244371, at *1 (Minn. Ct. App. Nov. 13, 2017) ("*Lindsey III*"); *In re Commitment of Lindsey*, No. A22-1181, 2023 WL 192896, at *1 (Minn. Ct. App. Jan. 17, 2023) ("*Lindsey IV*"). The SRB denied his petitions in both

---

² The state appellate court's factual recitations are presumed correct unless the petitioner can rebut those findings through "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also James v. Bowersox*, 187 F.3d 866, 871 (8th Cir. 1999).

instances, and the Minnesota Court of Appeals affirmed. *See id.* Lindsey did not seek review of either case by the Minnesota Supreme Court.

On June 14, 2024, Lindsey filed a petition in this Court pursuant to 28 U.S.C. § 2254 and filed an amended petition on July 12, 2024. ECF Nos. 1, 8. As the Magistrate Judge summarized, the amended petition raises four claims for relief: (1) that Lindsey's 2006 civil commitment violated the Fifth Amendment's Double Jeopardy Clause and the constitutional prohibition on *ex post facto* laws, ECF No. 9 at 3; (2) that the SRB lacked jurisdiction over his proceedings and the SRB's actions otherwise violated the Minnesota Constitution, *id.*; (3) that the SRB acted without statutory authority, *id.* at 3–4; and (4) that the Minnesota Court of Appeals erroneously had failed to consider a constitutional argument in its 2011 decision that would have supported his discharge from the civil commitment program, *id.* at 4.

On September 13, 2024, the Magistrate Judge issued an order to show cause. ECF No. 9. The order indicated that claims 2 and 3 were likely non-cognizable under Section 2254 because they present only state-law grounds, and asked Lindsey to explain why claims 1 and 4 should not be dismissed as either unexhausted under 28 U.S.C. § 2254(b)(1) or untimely under 28 U.S.C. § 2244(d)(1). *Id.* at 5–10. In response, Lindsey argued that his claims were timely or, in the alternative, that he is entitled to equitable tolling of the limitations period or that the Court should set aside the limitations period under the actual innocence exception. ECF No. 10.

On December 3, 2024, the Magistrate Judge issued the R&R, recommending that the Court dismiss the entire petition because claims 2 and 3 are non-cognizable, ECF

No. 12 at 2, and because claims 1 and 4 are untimely and Lindsey is not entitled to an exception to the limitations period, *id.* at 4–9.  Lindsey objected, and though his objections are difficult to follow, he appears to argue that claims 1 and 4 are timely, or that he is entitled to an exception if they are untimely.  ECF No. 13 at 2–5, 7–9.  Lindsey makes no objections to the Magistrate Judge's reasoning on claims 2 and 3, but merely restates the claims themselves.  *Id*. at 5–7.

## DISCUSSION

After an R&R is filed, any party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Those portions of the R&R to which a party properly and specifically objects are reviewed by the Court *de novo*.  Fed. R. Civ. P. 72(b)(3).  But "[o]bjections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (citing *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011)).

I.   **Claims 2 and 3 Present Only State-Law Claims**

As the Magistrate Judge noted, claims 2 and 3 argue that the SRB either lacked subject-matter jurisdiction under the Minnesota Constitution to hear post-commitment proceedings in his case or that its actions violated Minnesota statutes and the Minnesota Constitution.  ECF No. 9 at 3–4.  Lindsey does not object to this characterization of his claims, nor does he argue that there is any federal basis for them.  *See generally* ECF No. 13 at 5–7.  But a federal district court may grant Section 2254 relief to a petitioner "in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Here, claims 2 and 3 present nothing more than state-law arguments that the SRB exceeded its statutory authority under Minnesota law, violated the Minnesota Constitution, or lacked subject-matter jurisdiction under Minnesota law. The Court therefore lacks jurisdiction over the claims and will dismiss them accordingly.

## II.     Lindsey's Remaining Claims are Time-Barred

Claims 1 and 4, on the other hand, are barred by Section 2244(d)'s statute of limitations. That section provides a one-year period of limitation during which a petitioner in custody pursuant to a state court judgment may apply for a writ of habeas corpus, beginning from the latest of one of four factual predicates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

### A. Claim 1 is Untimely Under Section 2244(d)(1)(A)

In claim 1, Lindsey asserts that his 2006 commitment was barred by the Double Jeopardy Clause or the constitutional prohibition against *ex post facto* laws, apparently because the State had previously tried to commit him in 1997. ECF No. 8 at 2. His 2006 commitment, in turn, became final on October 15, 2007, 90 days after the Minnesota Supreme Court denied his petition for review and the time to file a petition for a writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Lindsey therefore had until October 15, 2007, to file this federal habeas petition. But he did not file this petition until June 14, 2024, *see* ECF No. 1, almost 17 years too late.[3]

Lindsey seems to concede this claim is untimely under Section 2244(d)(1)(A), but he argues that Section 2244(d)(1)(D) provides the applicable statute of limitations because he did not discover that the claim had not been raised by his attorneys until 2010. ECF

---

[3] Notably, Lindsey is not entitled to statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2), which tolls the running of the limitations period while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Lindsey did not file his first collateral attack on the 2006 judgment until May 2010, *Lindsey II*, 2011 WL 1938288, at *1, after his federal limitations clock had already expired. Collateral attacks filed after the expiration of the limitations clock have no tolling effect. *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("The one year AEDPA limit for federal habeas filing cannot be tolled after it has expired.").

No. 13 at 8–9. But that Lindsey did not discover that his claim had not been raised is not the same as Lindsey's discovery of the claim itself. Indeed, Lindsey asserts that he told his attorney, in 2006, to raise the double jeopardy issue on appeal. ECF No. 8 at 2–3; ECF No. 13 at 5. Thus, he knew of the claim at the time his commitment became final, and Section 2244(d)(1)(A) therefore applies.

Lindsey alternatively argues that the Court should not enforce the statute of limitations because he is entitled to equitable tolling or because the actual innocence exception applies. ECF No. 13 at 3–4, 9. Equitable tolling of the limitations period is only appropriate if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Lindsey cannot show that he pursued his rights diligently. Indeed, as he acknowledges, he believed his attorney should have made these arguments during the direct appeal of his 2006 commitment, thus evincing that he was aware of the claims at that time. Yet, he did not bring them to the attention of any court until he filed the instant petition in June 2024. ECF No. 8 at 2–3; ECF No. 13 at 5. That he failed to promptly bring them to federal court (or *any* court, for that matter) upon the conclusion of direct review in 2007 is, by itself, sufficient to deny equitable tolling. *See Burks v. Kelley*, 881 F.3d 663, 667 (8th Cir. 2018) ("Sixty-seven months of inactivity by a prisoner who wishes to challenge his conviction is not reasonable diligence.").

Nor is Lindsey entitled to the "actual innocence" exception. That exception "allow[s] a prisoner to pursue his constitutional claims . . . on the merits . . . only when

new evidence makes it 'more likely than not that no reasonable juror would have convicted [the petitioner].'" *Rick v. Harpstead*, 110 F.4th 1055, 1059 (8th Cir. 2024) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392, 395 (2013)) (alterations in original). And the Eighth Circuit has determined that the actual innocence exception, a judicially created exception, does *not* apply to federal petitioners seeking to challenge their civil commitment. *Id.* at 1061 ("[I]mporting the actual-innocence exception into civil-commitment cases would invite an endless stream of challenges.").

### B. Claim 4 is Untimely Under Section 2244(d)(1)(D)

In claim 4, Lindsey asserts some form of error with the Minnesota Court of Appeals's 2011 decision in his appeal from the denial of his 2010 motion to vacate his commitment. ECF No. 8 at 5. Though his claim is not entirely clear, what is clear is that the factual predicate for his claim would have been known to him when the Court of Appeals issued its decision on May 23, 2011. Thus, under Section 2244(d)(1)(D), the statute of limitations for this claim expired in 2012. Lindsey's 2024 petition is therefore 12 years late.

Lindsey provides no direct argument that his claim is timely under Section 2244(d)(1)(D), but instead reasserts arguments for equitable tolling and actual innocence. But, as noted, he cannot argue that he acted diligently when he should have been aware of his claim as early as May 2011, but did not bring the claim to any court until filing this habeas petition. And he is not entitled to the actual innocence exception for the same reason as discussed above. In short, Lindsey's arguments that his 2006 commitment and his 2011

appeal were erroneous were simply brought to the Court *well* beyond the permissible time to do so, and Lindsey provides no explanation sufficient to explain his failure.

## III. The Court Declines to Grant a Certificate of Appealability

A Section 2254 petitioner may not appeal a district court's decision to deny the petition without receiving a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Court may not grant a certificate of appealability unless "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Proctor v. Payne*, No. 21-2001, 2022 WL 274515, at *2 (8th Cir. Jan. 31, 2022) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). That claims 2 and 3 present non-cognizable issues of state law, and that claims 1 and 4 are untimely, cannot be reasonably disputed, and the Court will decline to issue a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R (ECF No. 12) is **ADOPTED IN FULL**;

2. Petitioner's Objections to the R&R (ECF No. 13) are **OVERRULED**;

3. Petitioner's Petition (ECF No. 1) and Amended Petition (ECF No. 8) are **DISMISSED**;

4. Petitioner's Application to Procced in District Court without Prepaying Fees or Costs (ECF No. 2) is **DENIED** as moot; and

5. The Court does **NOT** grant a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 10, 2025     *s/Laura M. Provinzino*
                             Laura M. Provinzino
                             United States District Judge